PEOPLES STATE BANK OF BRADLEY et al, Appellants, v.
NORDNESS et ux., Respondents.

(208 N. W. 984.)

(File No. 5647.  Opinion filed May 28, 1926.)

**Attachment—Homesteads—Evidence That Defendant and Wife Left
Home in State, Remaining Away for Five Months, and Re-
turning to Home, Held Not to Show Intention to Change Resi-
dence, and Hence Property Cannot Be Attached for Nonresi-
dence.**

Evidence, showing that defendant and wife owning home in
state left for another state to dispose of patent, living there
for five months in furnished rooms, and returned to home in
state, held to show no intention of changing residence, and
hence defendant's property in state cannot be attached on
grounds of nonresidence.

---

Note.—See,    Headnote,    American    Key-Numbered    Digest,
Attachment, Key-No. 47(4), 6 C. J. Secs. 55, 1051.

What is nonresidence for the purpose of attachment, see notes
in 19 L. R. R. 665; L. R. A. 1915A, 400.

Appeal from Circuit Court, Day County; HON. ROBERT D.
GARDNER, Judge.

Action by People's State Bank of Bradley and another
against R. L. Nordness and wife. From an order vacating an
attachment, plaintiffs appeal. Affirmed.

W. F. Bruell and R. M. Henderson, both of Redfield, and
Roy E. Willy, of Platte, for Appellants.

Waddel & Dougherty, of Webster, for Respondents.

POLLEY, J. This is an appeal from an order vacating an
attachment. The writ of attachment was sued out and ex-
ecuted on the 9th day of October, 1923, and was issued on
the sole ground that defendants were not residents of this
state. On the hearing of the motion to vacate the attach-
ment, defendants submitted affidavits, and also oral testimony, to
the effect that they were residents of this state, and it is the suffi-
ciency of this showing that is presented for review by this appeal.

Defendants are husband and wife; G. C. Nordness being the
wife of R. L. Nordness. The evidence submitted by defendants
shows that for a long time prior to the commencement of this
action they owned a home in, and resided in the town of, Lily in

this state.  Prior to August, 1923, defendant R. L. Nordness had secured a patent on a device to be attached to Ford cars, and during said month defendants went to Minneapolis for the purpose, or at least the declared purpose, of making disposition of said patented device.  They traveled in a Ford car and on the way R. L. Nordness, while attempting to crank the car, had his arm broken.  After a short delay they went on to Minneapolis.  On their arrival there they stayed a few weeks with relatives, then lived in a furnished room a month, then took a small furnished apartment, where they remained until some time in January, 1924, when, having completed the business that took them to Minneapolis, they returned to Lily.  They did not dispose of their home in Lily before going to Minneapolis, nor attempt to dispose of it. They did not remove any of their possessions from their house, except what clothing they put into two suit cases.  All of their furniture, bedding, provisions, and clothing, except as above mentioned, were left in the house.  They were not known to have expressed any intention to change their residence, or that they intended to be absent more than a few weeks.  It is true they were absent something like five months, but aside from the one fact of their going to Minneapolis there is not a single circumstance shown in the record that indicates that they had any intention of changing their residence, and the trial court was fully warranted in vacating the attachment.

The order appealed from is affirmed.

MISER, Circuit Judge, sitting in lieu of SHERWOOD, J.

CAMPBELL, J., not sitting.